IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ERICA VAUGHAN                                                                                    PLAINTIFF

V.                              CASE NO. 5:23-CV-5208

CARDS HOLDINGS, INC.                                                                            DEFENDANT

### MEMORANDUM OPINION AND ORDER

This is a disability discrimination case. Several ripe motions are before the Court: Plaintiff Erica Vaughan's Motions in Limine 1–4 (Doc. 14)[1] and CARDS's Motion for Leave to File an Amended Answer (Doc. 26).[2] Ms. Vaughan's Motions in Limine contend that CARDS should be barred from arguing or presenting evidence in support of four affirmative defenses—undue hardship, good faith compliance with the law, failure to mitigate damages, and reliance on after-acquired evidence—because CARDS failed to plead them in its Answer (Doc. 4). That omission amounted to a waiver, according to Ms. Vaughan. She filed her Motions in Limine on May 2, 2024, six days after the April 26 deadline to amend pleadings. *See* Doc. 12, p. 2 (Case Management Order).

On May 7, eleven days after the deadline, CARDS filed a motion for extension of time to amend pleadings (Doc. 19). It asked the Court to extend the deadline to May 31, so that it could "receive statements and supporting documents from key witnesses,"

---

[1] *See also* Doc. 15 (Ms. Vaughan's Brief in Support); Doc. 16 (CARDS's Response); Doc. 17 (Ms. Vaughan's Motion for Leave to File a Combined Response and Reply); Doc. 18 (Court's Notice of Deficiency as to Doc. 16); Doc. 22 (Court's text-only order granting Doc. 17).

[2] *See also* Doc. 28 (Ms. Vaughan's Response).

1

which, CARDS explained, it diligently pursued but had not yet received. (Doc. 19, p. 1).[3] On June 5, CARDS filed the instant Motion for Leave to File an Amended Answer, rendering its former motion for extension of time to amend moot (Doc. 29). For the reasons that follow, CARDS's Motion for Leave to Amend is **GRANTED**, and Ms. Vaughan's Motions in Limine are **MOOT**. See Doc. 27-2 (CARDS's proposed amended answer, revised to include the affirmative defenses at issue).

## I. BACKGROUND

CARDS hired Ms. Vaughan as a Director of Sales and Marketing on October 4, 2021. In that role, Ms. Vaughan was tasked with overseeing sales- and marketing-related programs and with conducting inside sales. She worked from a computer at the CARDS office and attended occasional meetings offsite.

Tragedy struck on January 10, 2022. Ms. Vaughan was involved in a serious car accident that left her paralyzed below her mid-chest. She was hospitalized immediately after the accident and unable to work, and it was unclear at that point if she would be able to return to CARDS at all. Despite this initial uncertainty, Ms. Vaughan alleges that CARDS granted her a reasonable amount of time to recover and the opportunity to return to her job. Ms. Vaughan's salary and benefits continued through March 2022.

By that time, Ms. Vaughan had been released from the hospital and regained the ability to return to work with accommodations. She alleges that with the help of a headset and voice-control software, she could make phone calls, compose emails, and operate Microsoft Office applications, such that she could perform the essential duties

---

[3] CARDS initially filed its motion for extension of time to amend on May 6 (Doc. 16) but did so deficiently: CARDS incorporated the motion into its Response to Ms. Vaughan's Motions in Limine. See Doc. 18 (Notice of Deficiency). CARDS properly refiled the motion the following day. See Doc. 19.

of a Director of Sales and Marketing at CARDS. Ms. Vaughan further alleges that she and CARDS had begun to discuss such accommodations for her return, including installing voice-command software, a monitor in her home, and an accessibility ramp at the CARDS office.

But Ms. Vaughan alleges that CARDS abruptly stopped her wages and benefits in April. And by mid-June, CARDS had rejected delivery of the ramp and ceased communicating with her entirely. Her employment was effectively terminated.

Ms. Vaughan contends that CARDS's actions were discriminatory. On October 13, 2023, she filed a lawsuit in Washington County Circuit Court, seeking reinstatement and damages under the Americans with Disabilities Act ("ADA") and the Arkansas Civil Rights Act ("ACRA"). Ms. Vaughan also seeks a declaratory judgment that the damages cap provision of the ACRA, Ark. Code Ann. § 16-123-107(c)(2), is unconstitutional under Article 2, Section 13 and Article 5, Section 32 of the Arkansas Constitution. Pursuant to the federal question presented by the ADA claim, CARDS removed the matter to federal court on November 20, 2023.

## II. LEGAL STANDARD

Motions for leave to amend "implicate[ ] both Rule 15(a) and Rule 16(b) of the Federal Rules of Civil Procedure." *Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 947 (8th Cir. 2012) (internal quotations omitted). When a party's pretrial motion for leave to amend a pleading does not conflict with deadlines set forth in a case management order, the motion is governed by Rule 15(a). That Rule's liberal standard "encourages district courts to permit amendment 'when justice so requires,' provided there is not proof of 'undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies in

previous amendments, undue prejudice to the non-moving party, or futility.'" *Zetor N. Am., Inc. v. Rozeboom*, 2018 WL 8458118, at *2 (W.D. Ark. Feb. 28, 2018) (quoting *Baptist Health v. Smith*, 477 F.3d 540, 544 (8th Cir. 2007)).

But when a party seeks leave to amend after a deadline set in a case management order has passed, "the analysis changes considerably." *Id.* In that circumstance, "[Rule] 15(a) must be read together with Rule 16(b)(4). Although Rule 15(a) uses a liberal standard for approving pleading amendments, the district court will not consider Rule 15(a) until it first determines that good cause exists to amend the scheduling order under Rule 16(b)(4)." Stephen E. Arthur, *Motion To Amend Pretrial Order; Failure To Obey Pretrial Deadline*, *in* Federal Trial Handbook: Civil § 7:10 (2022–2023 ed.); *see also Hartis*, 694 F.3d at 948 ("Rule 16(b)'s good-cause standard governs when a party seeks leave to amend a pleading outside of the time period established by a scheduling order, not the more liberal standard of Rule 15(a)." (citing *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008))).

Rule 16(b)(4) instructs that deadlines set in a case management order "may be modified only for good cause and with the judge's consent." "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Albright v. Mountain Home Sch. Dist.*, 2017 WL 2880853, at *5 (W.D. Ark. July 5, 2017), *aff'd sub nom. Albright* as *Next Friend of Doe v. Mountain Home Sch. Dist.*, 926 F.3d 942 (8th Cir. 2019) (quoting *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001)). "Good cause does not exist 'where there has been no change in the law, no newly discovered facts, or any other changed circumstance after the scheduling deadline for amending pleadings,'" which show

4

diligence and explain the moving party's delay. *Id.* (cleaned up) (quoting *Hartis*, 694 F.3d at 948). In other words, "a party does not meet the good cause standard under Rule 16(b) if the relevant information on which it based the amended claim was available to it earlier in the litigation." *Adkinson v. Tiger Eye Pizza, LLC*, 2020 WL 127992, at *3 (W.D. Ark. Jan. 10, 2020) (quoting *IBEW Local 98 Pension Fund v. Best Buy Co.*, 326 F.R.D. 513, 522 (D. Minn. 2018)). If the moving party was diligent, the Court may consider other factors, including prejudice to the nonmoving party. *See Albright*, 2017 WL 2880853, at *5 (citations omitted). If the Court determines that the moving party satisfies Rule 16(b)(4), it proceeds to Rule 15(a) analysis.

### III. DISCUSSION

CARDS filed its Motion for Leave to Amend its Answer after the deadline to amend pleadings set in the Case Management Order, so the Court first considers whether it has shown good cause under Rule 16(b)(4). *See Albright*, 2017 WL 2880853, at *5 (quoting *Bradford*, 249 F.3d at 809); *Hartis*, 694 F.3d at 948. CARDS advances several arguments to show good cause to amend after the deadline. Most relevant to Rule 16(b)(4) analysis, CARDS explains that it discovered new facts after the deadline to amend from two sources—the law firm that represented Ms. Vaughan in the EEOC phase of this litigation and Arkansas Rehabilitation Services—and that these newly discovered facts explain its delay. Ms. Vaughan counters that discovery opened in December 2023 and that "CARDS simply did not act with diligence in attempting to meet the Amendment of Pleadings deadline, which expired more than five months after CARDS chose to remove this action to this Court." (Doc. 28, p. 3).

5

The Court begins with the obvious: it would certainly have been *more* diligent for CARDS to serve the discovery requests at issue in February, after the Case Management Hearing, rather than in March and April, as the deadline to amend approached. But the Rule 16(b)(4) inquiry does not end with delay alone. The Eighth Circuit holds that the moving party must explain a delay with a "change in the law, [ ] newly discovered facts, or any other changed circumstance after the scheduling deadline for amending pleadings." *Bradford*, 249 F.3d at 809.

Here, at worst, the Court is presented with a one-month delay. CARDS filed its Motion for Leave to Amend forty days after the deadline (and CARDS's first attempt to file a motion for extension of time to amend, though initially deficient, was filed much earlier, after just eleven days). *See generally* Docs. 16, 18, 26. CARDS's Motion is thus distinguishable from the more egregious delays present in many of the major cases on point. *Compare* Doc. 26 (forty days)*; with Albright*, 2017 WL 2880853 at *4 (six months); *Kmak v. Am. Century Cos., Inc.*, 873 F.3d 1030, 1034 (8th Cir. 2017) (seven months); *Harris v. FedEx Nat. LTL, Inc.*, 760 F.3d 780, 786 (8th Cir. 2014) (17 months); *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008) (17 months); *Hartis*, 694 F.3d at 948 (over two years).

Turning to the other elements of the Rule 16(b)(4) inquiry, the Court finds that CARDS has made a sufficient showing that newly discovered facts explain its delay and amount to good cause to amend. CARDS first put Ms. Vaughan on notice that it intended to advance the defense of undue hardship in the parties' Joint Rule 26(f) report, filed on January 17, 2024. (Doc. 9, p. 2 ("Once Ms. Vaughan was released from the hospital, CARDS realized that Ms. Vaughan's medical condition didn't provide for

any reasonable means to accommodations, which would assist her with completing her job duties, or any other job duties in the company without causing CARDS undue hardship.")). In the opening minutes of this matter's Case Management Hearing, held on January 25, defense counsel flagged that CARDS had not pleaded that defense in its Answer. The lion's share of the Court's colloquy with CARDS then focused on the defenses of undue hardship and failure to mitigate damages, and it became clear to all parties present that CARDS did not yet have sufficient facts to support them. The Court thus finds it reasonable to infer that both parties had notice of the following on January 25, at minimum: (1) that CARDS intended to argue additional affirmative defenses, including undue hardship and failure to mitigate damages; (2) that CARDS's Answer was deficient with respect to those defenses; and (3) that more discovery was needed to cure the deficiency.

Following the Case Management Hearing, CARDS argues that it diligently pursued evidence to support its affirmative defenses through discovery, and points to two instances of newly discovered facts to explain its delay. First, CARDS represents to the Court that although it requested files from the EEOC phase of this litigation from CARDS's prior counsel on March 7, 2024, it did not receive those files until May 7, after the deadline to amend had passed. *See* Doc. 27, p. 5. Second, CARDS explains that it served Ms. Vaughan with its first set of interrogatories and requests for production on April 12, 2024, including a request for medical records and communications related to her disability. Ms. Vaughan responded on May 15, but CARDS did not receive the complete records from Ms. Vaughan's rehabilitation provider until May 30. *See* Doc. 27, p. 2 ("CARDS did not receive an additional 280 pages of records and three emails,

which were parts of the Arkansas Rehabilitation Services file, until May 30, 2024."); Docs. 27-10–27-13 (CARDS's supporting discovery exhibits). CARDS maintains that this new evidence supports the defenses it proposes to amend to its Answer, including "CARDS'[s] claims of failure to mitigate damages and undue hardship." (Doc. 27, p. 11).

On one hand, the Court finds credible CARDS's assertion that, absent the newly discovered evidence, it did not have sufficient facts to plead the defenses it now seeks to include in its proposed amended answer. But on the other, it gives weight to Ms. Vaughan's objection that CARDS did not issue discovery requests in time for her responses to become due before the deadline to amend. This is a close call. However, the Court finds that even if the delay in receiving the medical record is attributable, in part, to CARDS, the EEOC record was also produced after the April 26 deadline. New facts were discovered after the deadline to amend in both files.

Ultimately, the Court is persuaded that this case is distinguishable from the controlling cases in which motions to amend have been denied. This is not a case in which "the relevant information on which [the moving party] based the amended claim was available to it earlier in the litigation." *Adkinson*, 2020 WL 127992, at *4 (quoting *IBEW*, 326 F.R.D. at 522). Nor is *FS Southbrooke LP v. Nationwide General Insurance Company*, upon which Ms. Vaughan relies, precisely on point. 2022 WL 1094659 (W.D. Ark. Apr. 12, 2022). There, the movant "offered no argument or facts to demonstrate its diligence in attempting to meet the Court's scheduling order," the delay was two months, and the motion to amend was filed in response to other dispositive motions. Here, CARDS *has* asserted newly discovered facts and filed its Motion much earlier in the litigation. Many of the controlling Eighth Circuit cases are similarly distinguishable

because CARDS maintains that newly discovered facts *did* "ma[k]e the[ir] [ ] defense[s] more viable after the scheduling deadline for amending pleadings." *Sherman*, 532 F.3d at 718. Therefore, the Court finds that CARDS has shown sufficient diligence in discovering new evidence to explain its delay.[4]

The Court next considers undue prejudice to Ms. Vaughan. *Sherman*, 532 F.3d at 717 ("[W]e will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines." (citing *Bradford*, 249 F.3d at 809)). As the Court noted previously in this Order, Ms. Vaughan has been on notice at least since the January 25 Case Management Hearing that CARDS intended to add affirmative defenses. The parties are engaged in discovery, and the discovery and dispositive motion deadlines are more than four months away. Ten months remain until trial. In this posture, allowing CARDS to amend its Answer will not prejudice Ms. Vaughan. Accordingly, the Court finds that CARDS has shown good cause to amend under Rule 16(b)(4).

Next, the Court turns to Rule 15(a) analysis. That Rule encourages amendment "when justice so requires," absent proof of "undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies in previous amendments, undue prejudice to the

---

[4] The Court concludes its diligence inquiry with the following observation: To date in this litigation, CARDS has waltzed to a peculiar tune. Defense counsel were admonished by the Court for appearing unprepared to discuss their client's defenses in the Case Management Hearing. CARDS filed a Response to Ms. Vaughan's Motions in Limine (Doc. 16) that improperly incorporated a Motion for Extension of Time to Amend Pleadings. *See* Doc. 18 (Notice of Deficiency); Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by a motion."). And at various points in its motions practice, CARDS has stumbled over the Local Rules by which this Court is bound. The Court makes no finding of bad faith and repeats its concluding sentiment from the Case Management Hearing ("water under the bridge"). But at bottom, these missteps amount to a tax on the Court's time—one that cuts against diligence, regardless of this Order's ultimate finding on the issue. Defense counsel is so advised.

non-moving party, or futility." *Baptist Health*, 477 F.3d at 544. The Court finds no such proof here. In *Baptist Health*, for example, the Eighth Circuit upheld a district court's denial of a motion for leave to file a second amended answer where "[t]he record evince[d] a pattern of delay by [the movant's] counsel" and "[t]he[] new defenses would have potentially required additional discovery and depositions." *Id.* By contrast, CARDS's Motion to Amend evinces no analogous pattern of delay. *Compare* Docs. 16, 19, 26, *with Baptist Health*, 477 F.3d at 544 ("After postponing their client's deposition, [the movant's] counsel refused to return phone calls from opposing counsel seeking to reschedule the deposition. These delays all seem calculated to accommodate the personal schedule of [the movant's] lead attorney, who had an extensive travel schedule and preferred not to work on Fridays."). And there is no evidence before the Court that additional discovery or depositions will be needed here; discovery is ongoing and both parties have had notice of CARDS's defenses since January. The Court finds that CARDS's Motion satisfies Rule 15(a)'s liberal standard.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that CARDS's Motion for Leave to File an Amended Answer (Doc. 26) is **GRANTED**. The Amended Answer should be filed by June 18th. **IT IS FURTHER ORDERED** that Ms. Vaughan's Motions in Limine 1–4 (Doc. 14) are **MOOT**.

**IT IS SO ORDERED** on this 14th day of June, 2024.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE